UNITED STATES COURT OF APPEALS
**Filed 10/9/96**
FOR THE TENTH CIRCUIT

WILLIAM E. KIRCH,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

     Defendant-Appellee.

No. 95-4194
(D.C. No. 94-CV-139)
(D. Utah)

## ORDER AND JUDGMENT[**]

Before **PORFILIO**, **LOGAN**, and **LUCERO**, Circuit Judges.

Plaintiff appeals the decision of the district court affirming the Secretary's

denial of plaintiff's application for supplemental security income (SSI).[1]

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner appears in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      After examining the briefs and appellate record, this panel has determined

(continued...)

Plaintiff, who was born on September 6, 1974, asserted that he had been disabled since August 17, 1992, due to an auditory discrimination disorder. After conducting a hearing and reviewing the administrative record de novo, the administrative law judge (ALJ) determined that, although plaintiff suffered from several severe nonexertional impairments, he was not disabled.

Because plaintiff's alleged onset date preceded his eighteenth birthday by a few weeks, the ALJ analyzed the evidence under both the law relating to children's benefits and that relating to adult benefits. Thus, the ALJ found, at step four of the sequential analysis for determining disability in children, that plaintiff's impairments were not of comparable severity to impairments that would prevent an adult from engaging in substantial gainful activity. See 20 C.F.R. § 416.924(f). The ALJ also found, at step five of the comparable analysis for determining disability in adults, that plaintiff could perform various light and sedentary jobs that exist in significant numbers in the national economy. See id. § 416.920(f). When the Appeals Council denied review, the ALJ's decision became the final decision of the Secretary.

---

[1](...continued)
unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

On appeal, plaintiff raises four challenges to the ALJ's decision: (1) the ALJ's finding that plaintiff's impairments did not meet a listing is not supported by substantial evidence; (2) the ALJ failed to address whether plaintiff's impairments, singly or in combination, were equivalent to a listing; (3) the ALJ's individualized functional assessment (IFA) at step four of the children's benefits analysis was not supported by substantial evidence; and (4) the opinion of the vocational expert (VE) does not constitute substantial evidence in support of the ALJ's determination at step five of the adult benefits analysis.

We have jurisdiction over this appeal under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Secretary's decision to determine whether, based on the record as a whole, it is supported by substantial evidence and is in accordance with correct legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

After carefully examining the record, we affirm the denial of benefits for substantially the reasons recited by the district court in its order of October 12, 1995. Substantial evidence in the record as a whole supports both the ALJ's finding that plaintiff's impairments did not meet a listing and the ALJ's IFA determination. The ALJ's decision reflects that he considered plaintiff's impairments in combination, as well as singly, and that he considered whether those impairments were equivalent to a listing. While the ALJ inadvertently

-3-

recited plaintiff's IQ scores at age six, rather than those at age sixteen, in his hypothetical question to the VE,[2] this inadvertence did not create reversible error. Not only were plaintiff's IQ scores at age sixteen higher than those at age six, but, more important, the ALJ also included in his hypothetical question the specific limitations in plaintiff's intellectual functioning that he found, which limitations were supported by the record as a whole.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2]     Plaintiff's most recent set of IQ scores, at age 19, were not before the ALJ at the time of the hearing.